## IN THE COURT OF APPEALS OF IOWA

No. 15-2064
Filed March 23, 2016

**IN THE INTEREST OF M.C.,**
**Minor Child,**

**A.H., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn Kae Lang and Kathrine S. Miller-Todd, Assistant Attorneys General, for appellee State.

Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights.[1]  The child was born positive for methadone, and the mother has unresolved substance abuse and mental health issues.  Finding no reason to disturb the ruling, we affirm.

The child M.C. was born in November 2013 and removed from her mother's care on September 9, 2014, due to concerns regarding the mother's mental health, drug use, housing instability, and domestic abuse in the home.  The child was adjudicated a child in need of assistance (CINA) on September 24.  A permanency hearing was held in February 2015—neither parent appeared.

In January and February 2015, the mother tested positive for methamphetamine on three separate occasions.  Although she contested the accuracy of those test results, on April 4, 2015, she admitted to police that she was using methamphetamine when she and the father were arrested on that day for possessing a stolen vehicle.  The mother was also charged with possession of methamphetamine on that day and possession of drug paraphernalia, which included both a methamphetamine pipe and needles.  The father was also charged with possession of marijuana and possession of a marijuana pipe.

A petition to terminate the parents' rights was filed on April 16, 2015.  The matter was tried on July 6, 2015.  The father did not appear.  The mother has a history of substance abuse and lost custody of an older child as a result.[2]  M.C. was born testing positive for methadone.  The record establishes the mother has not submitted to a drug test through the Iowa Department of Human Services

---

[1] The father's rights were also terminated.  He does not appeal.
[2] That child is in its father's sole custody and is involved in juvenile court proceedings.

(DHS) since March 17, 2015. The mother testified that she provided a once-per-month drug test at the methadone clinic, but she revoked the release that allowed the methadone clinic to provide the drug test results to the DHS after being upset that the department had shared information with the clinic about her recent arrest. The mother has not been successful in her battle to overcome drug abuse.

The mother also has diagnosed mental health conditions, which she does not consistently treat. She had re-engaged in treatment three weeks before the termination hearing. And while she testified at the termination hearing that she was now ready to stay away from the father (who repeatedly violates a criminal no-contact order and is violent with the mother), we are not confident in that assertion. The juvenile court found the mother's situation continues to be unstable and that the child could not be returned to her care safely.

The mother's rights were terminated on November 17, 2015, pursuant to Iowa Code section 232.116(1)(h) (2015) (child adjudicated CINA three years or younger has been out of parent's custody for at least the last six consecutive months and cannot be returned at present). The mother appeals.

We review termination proceedings de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

The mother challenges the ground for termination only to the extent the juvenile court concluded the child could not be returned to her care at present. *See* Iowa Code § 232.116(1)(h)(4).

The mother also asserts that even if grounds exist, termination of her rights is not mandatory. She asserts there is a bond between mother and child,

and if the mother is given a few more months, she can establish she can provide a safe home for the child. We are not convinced.

In regard to the mother's ability to care for the child presently or in a few more months, we adopt the following juvenile court's findings:

> Services have been offered to both [the mother] and [the father]. The offered services have included visitation, domestic violence counseling, drug testing, substance abuse treatment, mental health treatment, parenting instruction, family team meetings, transportation, referrals for housing, protective daycare, and foster family placement. The offer of these services has not resulted in any measurable, sustained improvement in either [the mother] or [father's] ability to safely assume care of this child. [The mother's] participation has been inconsistent and has not resulted in a level of stability that would allow her child to be safely returned to her full time care and custody. [The mother] clearly loves [the child] and has the basic parenting skills to provide nurturing and discipline. However, [the mother's] unhealthy, unsafe relationship with [the father], her drug use and association with drug users, untreated mental health issues, and general lack of good decision making results in [the mother] being unable to provide a safe, stable home and adequate care and supervision for her child.
>
> [The mother] is currently making an effort to engage in the available services. However, that effort is very recent and whether it will result in the necessary changes for [the child] to be safe in her care is very uncertain. If history is the predictor, the needed changes will not come quickly or consistently.

We conclude there is clear and convincing evidence to support a finding that the child could not be returned to the care of the mother at the time of the termination hearing or soon thereafter. The mother has unresolved substance abuse, mental health, and domestic violence issues, all of which create a risk of harm to the child.

"[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "Ultimately, the issue is not parental

culpability but whether the statutory requirements have been met." *In re A.M.*, 843 N.W.2d 100, 111 n.9 (Iowa 2014). The statutory requirements have been met here.

Although the mother loves the child and has some limited bond, the child has bonded with the foster parents and is integrated into their home. The child recognizes the mother as a familiar person, but the child sees the foster parents as caregivers. The child needs permanency and stability, which termination and adoption will provide. Because no factor noted in section 232.116(3) precludes or outweighs the need for termination, we affirm the termination of the mother's parental rights.

**AFFIRMED.**